AO 91 (Rev. 08/09) Criminal Complaint

United States Courts
Southern District of Texas
FILED
*March 28, 2025*
Nathan Ochsner, Clerk of Court

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| United States of America<br>v.<br>Carlos Antonio BARRIENTO-Hernandez<br><br>*Defendant(s)* | Case No. V-25-025M |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 18, 2025__ in the county of __Refugio__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 841 | did knowingly and intentionally possess with intent to distribute, methamphetamine, to wit: 58.6 grams (gross weight) of methamphetamine, a Schedule II Controlled Substance. |

This criminal complaint is based on these facts:

(See attachment A)

☑ Continued on the attached sheet.

*Complainant's signature*

Carl E. Marshall, HSI Special Agent
*Printed name and title*

Submitted by reliable electronic means, sworn to, signature attested telephonically per Fed.R.Crim.P.4.1, and probable cause found:

Date: March 28, 2025

*Judge's signature*

City and state: Corpus Christi, Texas

Julie K. Hampton, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

## AFFIDAVIT

I, Carl E. Marshall, being first duly sworn, hereby depose and state as follows:

1. I am a Special Agent with United States Department of Homeland Security, Homeland Security Investigations (HSI), and I have been employed in this position since September 2015. My responsibilities include investigating criminal violations relating to offenses committed against the United States including but not limited to, immigration violations, controlled substances violations, financial crimes, fraud, and child exploitation.

2. Since this affidavit is being submitted for the limited purpose of obtaining an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are essential to establish the necessary foundation to establish probable cause for the issuance of the arrest warrant.

3. Because of my personal participation in this investigation and of reports, oral and written, made to me by other law enforcement officials, and interviews of witnesses involved firsthand in matters surrounding this investigation, I am familiar with the circumstances of the offenses described in the Affidavit. On the basis of this direct participation and on the basis of my training and experience set forth herein, I state the facts contained in this Affidavit show the following:

4. There is probable cause to believe that Carlos Antonio BARRIENTO-Hernandez is in violation of Title 21 United States Code 841, Possession with Intent to Distribute Methamphetamine, a Schedule II Controlled Substance.

5. On March 18, 2025, at approximately 10:00am, Refugio Police Department (RPD) Detective T. Roy in Refugio County, Texas was patrolling on Highway 77, also named S. Alamo Street, within the city limits of Refugio. In the 400 block of Alamo Street, Detective Roy observed a green International 9400i semi tractor with a white refrigerated trailer that parked in the center turn lane of the highway with its hazard lights activated. Detective Roy activated his

emergency lights, exited his patrol vehicle, and approached the driver's side door of the semi tractor. Detective Roy then observed a Hispanic male, later identified as Carlos Antonio BARRIENTO-Hernandez, walk out the front door of a smoke and vape shop and approach the truck. Detective Roy identified the BARRIENTO as the truck's driver and explained to BARRIENTO that he could not park his truck in the center turn lane.

6. BARRIENTO spontaneously stated to Detective Roy that he had been inside the smoke and vape shop looking for a cellular phone charging cord. Detective Roy explained to BARRIENTO that the business did not sell cellular telephone charging cables. While speaking with BARRIENTO, Detective Roy observed that BARRIENTO appeared to be nervous and anxious. Detective Roy observed a white plastic shopping bag protruding from BARRIENTO'S jacket pocket and noticed that the bag was the same type of bag that the smoke and vape shop utilized for purchases. Detective Roy asked BARRIENTO what was inside the shopping bag. BARRIENTO consented to Detective Roy removing the large bulging item from his jacket pocket, and Detective Roy observed the object to be a large glass beaker with a glass pipe attached to the tubing that Detective Roy knew was commonly used to smoke Methamphetamine. BARRIENTO immediately told Detective Roy that he was buying the item for a friend in Houston.

7. Two additional RPD officers from arrived on scene to assist with the traffic stop, Officer Martinez and Officer Ontiveros. Noting that BARRIENTO predominantly spoke Spanish, Detective Roy requested that Officer Ontiveros assist with Spanish interpretation for BARRIENTO. BARRIENTO told the officers he was traveling from McAllen to Florida to deliver the commodity he was transporting, papaya fruit.

8. While speaking with BARRIENTO, Detective Roy observed that BARRIENTO was sweating profusely, appeared nervous, and his anxiety level seemed to increase throughout the duration of the contact. Detective Roy asked BARRIENTO if there were any drugs in the International or Utility Trailer. BARRIENTO told the officers that there was no Cocaine, Marijuana, Heroin, or Methamphetamine inside either the truck or trailer. BARRIENTO then voluntarily told the RPD officers that could search the truck if they wanted to. Detective Roy

clarified BARRIENTO's offer of a consensual search of the truck and trailer through the Spanish interpretation of Officer Ontiveros, which BARRIENTO again confirmed.

9. Officer Martinez and Detective Roy then conducted a consensual search of the International Truck. Upon entering the International truck from the driver's door, Detective Roy immediately observed a one-dollar bill folded in half that contained a white powdery substance that Detective Roy believed to be a controlled substance. Detective Roy's vehicle search then transitioned from a consensual search to a probable cause search, seeking drug paraphernalia consistent with smoking Methamphetamine inside the cab area of the International truck.

10. While searching the International truck, RPD officers also located numerous credit cards that had white stickers on the backside with what appeared to be a four-digit PIN. In his law enforcement experience, Detective Roy had seen this on many occasions with re-encoded cards where a victim's credit card is compromised with the use of skimmers and cameras, and the personal identification number (PIN) is obtained and placed on the card so the suspect or suspects can use the card at a later time.

11. While searching the International Truck, Detective Roy located a black backpack at the foot of the bottom bunk in the sleeper birth. Detective Roy opened the backpack and observed numerous USB drives, small cameras, and what appeared to be electronic components consistent with credit card skimmers. Detective Roy also located a card reader and writer inside the backpack with six (6) solid white credit cards with magnetic strips equipped with a chip, rubber banded together. Detective Roy had knowledge that these cards can be used to collect, store, and transmit credit card data between merchants, their customers, and participating financial institutions. Detective Roy also located approximately eleven (11) Vanilla Visa Debit Cards rubber banded together, which he knew are commonly re-encoded and used fraudulently.

12. BARRIENTO was then arrested for Unlawful Use of a Criminal Instrument, a violation of Texas Penal Code 16.01(a)(1), a 2nd-degree Felony. The International Truck and Utility Trailer was removed from the roadway for officer safety and driven to the parking lot of Padilla Hall on Fairgrounds Road in Refugio, Refugio County, Texas, so that the search could be completed safely. During the search of the International Tractor, over fifty (50) credit cards were

seized because of the present criminal instrument and the pin numbers and zip codes being on the reverse side of the credit/debit cards. Officer Ontiveros read BARRIENTO his Miranda Warning from a Refugio Police Department Miranda Warning Card at approximately 10:35 AM. Detective Roy transported BARRIENTO to the Refugio Police Department at 601 Commerce Street, in Refugio, Refugio County, Texas.

13. Upon arrival, Officer Ontiveros read BARRIENTO his Miranda Warning again at approximately 11:22 AM, which BARRIENTO stated he understood and that he knowingly, intelligently, and voluntarily waived his rights. During the custodial interview, BARRIENTO admitted to having been a "User" of Methamphetamine for approximately three (3) years. BARRIENTO then admitted there was Methamphetamine concealed inside a cellular phone box within his backpack. Detective Roy located two cellular phone boxes in the backpack and observed one to contain approximately 30.4 grams of Methamphetamine. Detective Roy also located an orange and black atomizer box in the backpack. Detective Roy opened the atomizer box and found it contained a paper towel which was unfolded to reveal an additional 28.2 grams of Methamphetamine. The combined approximate gross weight of the Methamphetamine was 58.6 grams.

14. BARRIENTO was then additionally charged for Possession of a Controlled Substance, Penalty Group 1/1-B >=4g <200grams in a Drug-Free Zone, a violation of the Texas Health and Safety Code, a 1st-degree Felony, because the location where BARRIENTO had parked the truck and trailer was approximately 804 feet from Heritage Park, which contains three or more apparatuses intended for the recreational use by children.

15. While speaking with BARRIENTO, he consented to the search of a black Apple iPhone 11 (SN: DX5HK1PZN72J), a white Samsung Galaxy S5 (SN: R38F415NNQY), a black LG V40 Thin Q (SN: 810KPVH0043695), and a pink HP Laptop 14-cf2xx (SN: 00356-07424-52058-AA0EN). During the search of the digital and electronic devices, Detective Roy located over 50 items consisting of credit cards that did not belong to BARRIENTO, numerous photographs and downloaded document pages comprised of credit card numbers and PINs, and

4

identification documents, (passports, driver's licenses, and foreign identifications) of people that BARRIENTO did not know.

16.     BARRIENTO told Detective Roy he had obtained these via Telegram and "knew it was wrong". BARRIENTO was arrested for Fraudulent Use/Possession of Identifying Information, number of Items 50 or More, violating Texas Penal Code 32.51(c)(4), a 1st-degree Felony.

17.     During the search of the digital and electronic devices, Detective Roy also discovered a recent image of narcotics, depicting what appears to be three (3) one-ounce balls of crystal methamphetamine in plastic baggies. The image appears to have been taken using the cell phone's camera and depicts the narcotics laying on the passenger seat of a tractor trailer cab. The quantity of the narcotics photographed, and the action of taking an image of these narcotics, suggests that the image was meant to be shared with others for the purpose of advertising for sale.

18.     BARRIENTO was then transported to the Refugio County Jail and processed for state criminal charges. Detective Roy then contacted HSI Victoria and spoke with HSI Special Agent Carl Marshall regarding the arrest of BARRIENTO and the possibility of the case being adopted for federal prosecution.

19.     Based upon the Refugio PD reports and documents, the statements provided by Detective Roy, the quantity of the narcotics seized from BARRIENTO, and the apparent quantity of narcotics depicted in an image taken using the cell phone of BARRIENTO of a quantity of crystal methamphetamine which was in excess of user amounts and was packaged for distribution, and the likelihood that the image would only have been taken for the purpose of sharing it with others to advertise the narcotics availability for purchase, these facts of the case were presented to AUSA Patti Booth who accepted the case for prosecution for violations of 21 U.S. Code § 841, Possession with Intent to Distribute Methamphetamine, a Schedule II Controlled Substance.

## CONCLUSION

20.    I submit that this affidavit supports probable cause for an arrest warrant for Carlos Antonio BARRIENTO-Hernandez for the violation of Title 21 United States Code 841, Possession with Intent to Distribute Methamphetamine.

Respectfully submitted,

_____
Carl E. Marshall
HSI Special Agent

Submitted by reliable electronic means, sworn to, signature attested telephonically per Fed.R.Crim..P.4.1, and probable cause found, on this 28th day of March, 2025.

_____
Julie K. Hampton, U.S. Magistrate Judge

6